UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-403(3)(DSD/AJB)

United States of America,

        Plaintiff,

v.                                              **ORDER**

Maritza Estrada-Perez,

        Defendant.

This matter is before the court upon the motion to withdraw guilty plea by petitioner Maritza Estrada-Perez. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

In December 2002, the government indicted Estrada-Perez for conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). On June 2, 2003, Estrada-Perez agreed to plead guilty to a one-count information charging her with maintaining a stash house, in violation of 21 U.S.C. § 856(a)(2). In exchange for her plea, the government dismissed the conspiracy and distribution charges. The plea agreement and the transcript of the change-of-plea hearing do not show that Estrada-Perez was informed of the immigration consequences of her plea. See Pet'rs Mem. Supp. Exs. 2, 4.

Estrada-Perez's defense counsel "do[es] not recall" whether she discussed the collateral immigration consequences of the plea with Estrada-Perez. Id. Ex. 1 ¶ 4.

On August 7, 2003, the court sentenced Estrada-Perez to two years probation. See id. Ex. 3, at 6:14-17, 7:15-17. The court imposed several conditions of probation, including the following special condition:

> Nine, you shall comply with all immigration rules and regulations, and if deported from this country, either voluntarily or involuntarily, you shall not reenter the United States illegally. Upon any reentry to the United States during the period of court ordered supervision, you shall report to the nearest U. S. Probation Office within 72 hours.

Id. at 8:13-19. Estrada-Perez served her term of probation.

On March 31, 2010, the Supreme Court issued its opinion in Padilla v. Kentucky, 130 S. Ct. 1473 (2010). The Court determined that advice of counsel concerning a specific risk of deportation is not categorically removed from analysis under Strickland v. Washington, 466 U.S. 668 (1984). Id. at 1482. As a result, the Court held that failure to advise a defendant about the immigration consequences of a conviction may satisfy the first prong of Strickland.

On May 15, 2011, Estrada-Perez was taken into custody pending deportation under 8 U.S.C. § 1227. Under § 1227, "[a]ny alien who at any time after admission has been convicted of a violation of

2

(or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... is deportable." 8 U.S.C. § 1227(a)(2)(B)(i).  Estrada-Perez now moves to withdraw her guilty plea under 28 U.S.C. § 2255 and the All Writs Act, arguing that she received ineffective assistance of counsel under <u>Padilla</u> because her defense counsel did not reviewed immigration consequences with her before the guilty plea.

## DISCUSSION

### I.   28 U.S.C. § 2255

A petitioner must move for relief under § 2255 within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final...
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review....

28 U.S.C. § 2255(f).  Estrada-Perez's conviction became final in August 2003, when her ten-day appeal period lapsed.  As a result, only subsection (3) offers possible relief.  Estrada-Perez argues

that subsection (3) applies because lower courts have reached differing conclusions about whether Padilla applies retroactively, and thus the one-year period has not begun.[1]

The one-year period under subsection (3) begins to run on "the date on which the right asserted was *initially recognized by the Supreme Court*." See id. § 2255(f)(3) (emphasis added). The conflicting retroactivity decisions of the lower courts do not alter the starting date for the limitations period. The relevant date is the date of the Supreme Court opinion, not the date a lower court applies the right retroactively. The Supreme Court issued its opinion in Padilla on March 31, 2010. Estrada-Perez filed the instant motion on June 20, 2011. As a result, the instant motion was filed outside the one-year period of § 2255(f)(3). Therefore, Estrada-Perez is not entitled to relief under § 2255, and the motion fails.

## II.  All Writs Act

Estrada-Perez also seeks a writ of coram nobis. Coram nobis is traditionally confined to technical errors of fact, although the writ has expanded to cover fundamental errors such as deprivation of counsel. See United States v. Morgan, 346 U.S. 502, 507, 513

---

[1] Courts are split on whether Padilla announced a new rule. The court need not address the issue here, because the motion is untimely under either view. If Padilla did not announce a new rule, then it would be illogical to find a right "newly recognized" in March 2010. Under that view, the one-year limit of subsection (f)(1) has long passed.

4

(1954). The court has the power to issue a writ of coram nobis under the All Writs Act, 28 U.S.C. 1651(a). "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (citation omitted). In the present case, Estrada-Perez argues that she received ineffective assistance of counsel. Section 2255 addresses denials or infringements of constitutional rights, such as assistance of counsel. Although § 2255 is not "construed to cover the entire field of remedies in the nature of coram nobis in federal courts," use of coram nobis in the instant case would nullify the one-year limitation of § 2255. See United States v. Denedo, 129 S. Ct. 2213, 2220 (2009) ("[A]n extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available."). Denial is warranted on this basis alone.

Moreover, "to qualify for coram nobis relief, [a] petitioner must have [a] valid reason for not attacking [the] conviction earlier." United States v. Shoupe, 299 F. App'x 610, 611 (citing United States v. Kwan, 407 F.3d 1005, 1011 (9th Cir. 2005)). Here, Estrada-Perez knew of a possible immigration consequence at sentencing in 2003. Instead of moving to revoke her plea, she waited eight years and only filed the instant motion once

5

deportation proceedings began. Estrada-Perez offers no valid reason for delay. As a result, denial is also warranted on this basis.

Lastly, this is not one of the extraordinary cases that compel use of coram nobis: Estrada-Perez is subject to deportation based on her conviction for an offense "relating to a controlled substance." At the time of the offense, she was eighteen years old and faced a mandatory minimum sentence of five years in federal prison if convicted as charged. Instead, she pleaded guilty to a reduced charge in exchange for a probationary sentence. In light of these circumstances, it unlikely that she would have risked trial. Even if she had, the record contains substantial evidence of her guilt: it is sheer speculation that a jury would have found her not guilty or that the government would have struck a plea agreement that somehow did not involve the 4.2 pounds of cocaine. In short, Estrada-Perez does not show that she suffered prejudice as a result of the failure to discuss the immigration consequences before the plea. Therefore, a writ of coram nobis is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to withdraw guilty plea [ECF No. 104] is denied; and

    2.    Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 22, 2011

                                              s/David S. Doty             
                                              David S. Doty, Judge
                                              United States District Court